UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAN R. CUSSEAUX, JR.,

    Plaintiff,

v.                                      CASE NO.  8:14-CV-459-T-17TGW

FLOR B. FERNANDEZ,

    Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 12   Report and Recommendation

The assigned Magistrate Judge has entered a Report and Recommendation on the Amended Complaint (Dkt. 10) and Amended Motion to Proceed IFP (Dkt. 11), in which it is recommended that this case be dismissed without further leave to amend.

The Court has independently reviewed the pleadings, and notes that Plaintiff has not filed an objection to the Report and Recommendation.

This case was filed on January 24, 2014.  In the initial Complaint, Plaintiff Dan R. Cusseaux alleged that Defendant Flor B. Fernandez violated 18 U.S.C. Sec. 1001, 18 U.S.C. Sec. 1542 and 18 U.S.C. Sec. 1621 by knowingly and willfully making false statements on the passport application of minor daughter Janine M. Cusseaux.   Plaintiff further alleged that Plaintiff was informed on January 13, 2014 that Plaintiff's claim were beyond the jurisdiction of Family Court Judge Judith A. Smith, of Family Court in

Case No. 8:14-CV-459-T-17TGW

Washington, D.C., who presided over Plaintiff's custody and visitation case in Washington, D.C. Plaintiff alleges that Defendant used the Judicial declaration of incompetence of the non-applying parent, submitted expired Civil Protection Orders from 1999 and 2001, and claimed exigent and special circumstances. Plaintiff alleged that, in order to acquire additional evidence and overcome the Freedom of Information Act, Plaintiff needed a court order signed by a Federal Judge of competent jurisdiction. Plaintiff later filed exhibits supporting the Complaint. (Dkt. 6).

Pursuant to the requirements of 22 C.F. R. Sec. 51.28, the United States Department of State notified the applicant that, since the application was signed by only one parent/guardian, the applicant must provide one of the items listed, or, if none of the items is available, a signed statement explaining why the non-applying parent/guardian's consent cannot be obtained. (Dkt. 6, p. 8). Flor B. Fernandez submitted a statement of special circumstances notarized on 4/08/2008 (Dkt. 6, p. 6) :

> I Flor Cusseaux, mother of Janine Michaela Cusseaux nine years old , was separated to Dan Ronald Cusseaux, Jr. due to drug addiction since 1999 shortly after Janine M. Cusseaux was born. I can't locate Dan Ronald Cusseaux, Jr. because of this reasons I cannot obtain his consent to apply for Janine M. Cusseaux' passport.

Plaintiff Cusseaux has also provided a communication dated 1/9/2008 from Ms. Fernandez to Plaintiff in which Ms. Fernandez requests that Plaintiff sign the application for passport. (Dkt. 6, p. 15).

The Court notes that the United States Department of State released information to Plaintiff Cusseaux as to Application #019803194 for U.S. passport book #444554892 and U.S. passport card #C00323756 issued to Janine Michaela Cusseaux on April 28, 2008, in October, 2011, from which material was redacted pursuant to FOIA subsection (b)(6), 5 U.S.C. Sec. 552(b)(6)(exemption protecting personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of

Case No. 8:14-CV-459-T-17TGW

personal privacy). The United States Department of State stated that Plaintiff "may overcome the Freedom of Information Act restriction by providing either a notarized consent from Janine's mother authorizing the release of her information, or a court order signed by a Federal judge of competent jurisdiction." The U.S. Department of State further stated that if Plaintiff was unable to provide the required item, but Plaintiff believes that he is entitled to the information, to provide Plaintiff's justification for access to the excised information to the U.S. Department of State. (Dkt. 6, p. 2). The redacted information includes: minor's mailing address, contact telephone number, mother's identifying documents, mother's place of birth, notary's name, additional contact phone numbers, permanent address, emergency contact, Regional Director's name, Respondent's (Plaintiff) address, location of where to retrieve belongings from Metropolitan Police Department, child support information. (Dkt. 6, pp. 5-13). The redacted information is within the scope of the (b)(6) exemption.

The Court adopted the previous Report and Recommendation, and dismissed the Complaint, with leave to file an Amended Complaint within thirty days. (Dkts. 8, 9).

The Court notes that, in the Amended Complaint, Plaintiff Cusseaux has not named the United States Department of State as a defendant. In the Amended Complaint, Plaintiff alleges that Flor B. Fernandez abducted Plaintiff's minor daughter to the Philippines in 2008 without Plaintiff's consent or knowledge, by submitting false statements on the minor daughter's passport application, which Plaintiff alleges was obtained fraudulently. Plaintiff further alleges that "Plaintiff has submitted evidence to the Clerk of Court to support the fact that [Plaintiff's] ex-wife submitted false statements on [Plaintiff's] daughters passport application." Plaintiff requests a Court Order to obtain additional evidence and further alleges that Plaintiff was informed by all of the Federal Immigration Agencies that Plaintiff needs a Court Order to request the immigration records of Plaintiff's ex-wife. Plaintiff alleges that Plaintiff fears that Plaintiff's ex-wife is making plans to move Plaintiff's daughter, 15 years old, to the Philippines.

Case No. 8:14-CV-459-T-17TGW

If Plaintiff believes that Ms. Fernandez committed criminal acts by her submissions to the U.S. Department of State, Plaintiff may present the documents to the appropriate law enforcement agency. This case is a civil case. Otherwise, the Court can only suggest that Plaintiff familiarize himself with the provisions of 42 U.S.C. Sec. 11601, et seq., International Child Abduction Remedies. The Court reminds Plaintiff that the resources of U.S. Department of State, Office of Children's Issues, may be helpful (Dkt. 6, p. 4). After consideration, the Court adopts the Report and Recommendation, which is incorporated by reference. Accordingly, it is

**ORDERED** that the Report and Recommendation (Dkt. 12) is **adopted** and **incorporated by reference**. This case is **dismissed without leave to amend.** The Amended Motion to Proceed IFP (Dkt. 11) is **denied as moot.** The Clerk of Court shall close this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 2nd day of June, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record